UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kennya D. Agnew,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Trinity Services Group, et al.,<br><br>　　　　　　　Defendants. | Case No. 16-cv-1183 (WMW/LIB)<br><br>**REPORT & RECOMMENDATION** |

  This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff Kennya Agnew's ("Plaintiff") application seeking leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. [Docket No. 2]. For the reasons discussed below, it is recommended that Agnew's IFP application be denied and that this action be dismissed without prejudice.

  Plaintiff commenced this action by filing a civil complaint seeking redress for alleged violations of federal law. (Compl. [Docket No. 1]). The Complaint was not accompanied by the $350.00 filing fee required by 28 U.S.C. § 1914, but Plaintiff instead filed an application seeking leave to proceed IFP. [Docket No. 2]. Plaintiff, however, is a prison inmate, which means that he must pay an initial partial filing fee before he can proceed IFP. 28 U.S.C. § 1915(b)(1).

  The Court previously determined that Plaintiff had failed to pay the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1). This omission was called to his attention by this Court's Order of May 19, 2016. [Docket No. 6]. That Order gave Plaintiff 20 days to submit his initial partial filing fee prescribed by § 1915(b)(1), in the amount

of $2.01. (Order [Docket No. 6]). The Order expressly advised Plaintiff that his case would be subject to summary dismissal unless he complied with this requirement within the time allowed.[1]

The deadline for satisfying the requirements of the Court's prior order has now expired. To date, however, Plaintiff has not tendered the initial partial filing fee prescribed by § 1915(b)(1). Plaintiff has not offered any explanation for his failure to pay the fee required by statute, and by this Court's prior order.[2] Thus, the Court finds that Plaintiff has failed to comply with the requirements set forth in the prior order within the time allowed.

Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with its prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the present action be dismissed without prejudice. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); see also In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (failure to submit initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, 113 Fed. App'x 191, 192 (8th Cir. 2004) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed. App'x 496, 497 (8th Cir. 2008) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630–31 (1962) (recognizing

---

[1] The Court's prior order plainly stated: "If Agnew does not pay his initial partial filing fee within 20 days of the date of this order, he will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution." (Order, [Docket No. 6], at 3–4).

[2] Plaintiff did file a letter, [Docket No. 7], dated May 13, 2016, informing the Court that he is legally blind, considered disabled, and in custody at the Hennepin Adult Corrections Center. (Letter [Docket No. 7]). Plaintiff's letter also requested that any future hearings be conducted via video given Plaintiff's current status as a detainee. (Id.). However, no hearings are currently scheduled in the present case, so Plaintiff's request is moot. As it appears that Plaintiff's letter was mailed before the Court issued the IFP Order, [Docket No. 6], mentioned above, Plaintiff's letter did not address the initial filing fee he was directed to pay. Plaintiff has sent no other correspondence to the Court in the present case.

that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff Kennya Agnew's application for leave to proceed *in forma pauperis*, [Docket No. 2], be **DENIED**; and

2. Agnew's Complaint be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: June 23, 2016                        s/Leo I. Brisbois_____
                                            LEO I. BRISBOIS
                                            U.S. Magistrate Judge

NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.